FILED

2007 Mar-30  PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

07 MAR 30  AM II: 57

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **MARY E. WATSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | CV-07-J-0573-S |
| | ) | |
| **WAL-MART STORES, INC., a corporation;** | ) | **JURY TRIAL DEMANDED** |
| **ALFRED FORD, an individual; and** | ) | |
| **JOHN BELCHER, an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### COMPLAINT

**COMES NOW** the Plaintiff, Mary E. Watson, and for her Complaint against Defendants, Wal-Mart Stores, Inc., Alfred Ford, and John Belcher, states as follows:

### NATURE OF THE CASE

1.      This is a lawsuit brought by the Plaintiff, Mary E. Watson, who has been affected by the discrimination alleged in the claims set forth below, seeking permanent relief from unlawful discriminatory practices involving retention, compensation, and other terms and conditions of employment in failing to remedy systemic employment discrimination on the basis of gender and retaliation.  The practices committed by the corporate Defendant corporation violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("TITLE VII"), on the basis of gender, sexual harassment, retaliation, and Alabama common law.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.    Plaintiff has fulfilled all conditions precedent to the institution of this action under TITLE VII. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-2006-2352, on May 4, 2006. [Attached hereto as Exhibit "A".] Plaintiff timely files this action within ninety (90) days of the mailing of her Notice of Right to Sue from the EEOC, dated as received January 8, 2007. [Attached hereto as Exhibit "B".]

4.    The defendant corporation is located and/or doing business within this judicial district and division. The defendant individual Albert Ford, on information and belief, resides in Alabama. The defendant individual John Belcher, on information and belief, resides in Alabama. This action is brought in the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

5.    Plaintiff, Mary E. Watson ("Watson" or "Plaintiff"), is an adult female resident of the state of Alabama and this judicial district. At all times material herein, she was an employee of Defendant, Wal-Mart, Inc. within the meaning of TITLE VII.

6.    Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") is a Delaware corporation doing business within the state of Alabama and this judicial district. At all times material herein, Defendant was the employer of Plaintiff within the meaning of TITLE VII.

7.    Defendant Alfred Ford ("Ford" or "Defendant") is an individual having his domicile within the state of Alabama. At all times material herein, he was employed by Defendant corporation.

8.    Defendant John Belcher ("Belcher" or "Defendant") is an individual having

2

his domicile within the state of Alabama. At all times material herein, he was employed by Defendant corporation.

## STATEMENT OF FACTS

9.     On July 5, 2005, Ms. Watson started working for Wal-Mart in the freezer department. When Ms. Watson started at Wal-Mart, she was the only female in her department or shift.

10.     Shortly after Ms. Watson started working for Wal-Mart, John Belcher would make unwelcome sexual advances toward her.

11.     This included repeatedly asking her for her phone number and to go on dates, despite her refusals.

12.     In order to perpetrate his harassment, Mr. Belcher would enter Ms. Watson's isolated working area in the freezer department.

13.     Mr. Belcher did not work in the freezer department, and had no work-related reason for entering the area.

14.     Mr. Belcher's sole purpose for corning Ms. Watson in her work area was to harass and frighten her.

15.     During this period of time, Ms. Watson continuously complained to her managers about Mr. Belcher's inappropriate behavior.

16.     Despite her complaints, Ms. Watson was told to supervise Alfred Ford, Mr. Belcher's known cohort.

17.     Mr. Ford continued Mr. Belcher's harassment, by constantly asking Ms. Watson about dating Mr. Belcher and insinuating that the two were a couple.

3

18.     Mr. Ford's demeaning statements did not cease, even after Ms. Watson complained upper management.

19.     Mr. Ford was also insubordinate, and would come in late, refuse to obey orders, and speak to Ms. Watson disrespectfully.

20.     Ms. Watson complained to her superiors, and her managers made no response.

21.     Ms. Watson overheard Mr. Ford and Belcher stating that they were going to "**get that ho**."

22.     Ms. Watson complained about the statement in writing to her managers.

23.     Ms. Watson continued to tell Wal-Mart about Mr. Belcher and Ford's wrong-doing.

24.     Shortly after Ms. Watson overheard Mr. Ford and Belcher saying that they were going to get her, **Ms. Watson was locked in the Wal-Mart freezer.**

25.     Ms. Watson was locked in the freezer for at least an hour and a half.

26.     During this time, Ms. Watson howled and screamed for help, but **no one came to help her.**

27.     Mr. Ford later admitted that he had been the one who locked her in the freezer.

28.     After Ms. Watson was locked in the freezer, she complained to Wal-Mart, who also admitted Mr. Ford had placed a pallet in front of the freezer door to keep her from leaving.

29.     A few weeks later, a female employee named Loretta LNU (last name unknown) started working at Wal-Mart.

30.     Mr. Belcher also sexually harassed Loretta, and Loretta was also later locked in the freezer.

31.    In the aftermath of these events, Ms. Watson no longer felt safe at her workplace.

32.    After Ms. Watson complained, and management chose to take no action, Ms. Watson was fired.

33.    Wal-Mart gave as its reason for firing Ms. Watson that she instructed a partially unclothed customer in the diary department to pull his pants up.

34.    Other employees, including Mr. Belcher, violated company policy by asking customers on dates, and engaging in other forms of rude behavior.

35.    Ms. Watson continues to experience physical and psychological pain, for which she has sought medical treatment.

## COUNT ONE
## TITLE VII - SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT WAL-MART, INC.

36.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

37.    In taking the above-described actions, Defendant Wal-Mart intentionally discriminated against Plaintiff on the basis of her gender, in violation of TITLE VII. Specifically, Defendant Wal-Mart condones and tolerates sexual harassment at its offices and facilities. Defendant's actions created, nurtured, tolerated, condoned, or otherwise permitted a sexually hostile environment in violation of TITLE VII.

38.    The actions of Defendant Wal-Mart, through its agents, were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

39.    As a proximate consequence of the violations of TITLE VII by Defendant Wal-Mart, Plaintiff has suffered and will continue to suffer past and future pecuniary losses,

emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

40.    Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

    a.    Placement in the position in which she would have worked absent said Defendant's discriminatory treatment;

    b.    Back pay;

    c.    Injunctive relief;

    d.    Pre-judgment interest;

    e.    Punitive damages;

    f.    Attorneys' fees;

    g.    Costs;

    h.    Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress; and

    I.    Such other legal or equitable relief to which Plaintiff may be entitled.

### COUNT TWO
### TITLE VII - RETALIATION
### WAL-MART INC.

41.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

42.    During her employment with Defendant Wal-Mart, Plaintiff opposed employment practices made unlawful by TITLE VII.

43.    In response to, and as a direct result of, having engaged in statutorily protected

6

activity, Plaintiff was retaliated against by Defendant Wal-Mart, which adversely affected the terms and conditions of Plaintiff's employment.

44.    Said Defendant's retaliatory actions are in violation of TITLE VII and were made with malice or reckless indifference to the federally-protected rights of Plaintiff.

45.    Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.    Placement in the position in which she would have worked absent said Defendant's discriminatory treatment;

b.    Back pay;

c.    Injunctive relief;

d.    Pre-judgment interest;

e.    Punitive damages;

f.    Attorneys' fees;

g.    Costs;

h.    Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress; and

I.    Such other legal or equitable relief to which Plaintiff may be entitled.

## COUNT THREE
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION
## WAL-MART, INC.

46.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

47.    Defendant Wal-Mart negligently hired, trained, supervised, and retained Ford,

7

Belcher, and other aforementioned employees, as a result of which breaches of duty Plaintiff had her privacy invaded, was sexually harassed, was put in fear of her own physical safety, was battered, and was caused to suffer outrage, mental anguish, shame, embarrassment, and humiliation.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against Defendant Wal-Mart for an award of compensatory and punitive damages as deemed just by a struck jury, plus costs, interest, attorneys' fees, and any and all relief to which she may be entitled.

### COUNT FOUR
### FALSE IMPRISONMENT
### ALFRED FORD and WAL-MART, INC.

48.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

49.    The aforesaid acts and conduct of Ford, as an agent for Defendant Wal-Mart, acting within the line and scope of his employment locked the Plaintiff in a freezer, leaving her no reasonable means of escape, falsely imprisoned her.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgments against said Defendants for awards of compensatory and punitive damages as deemed just by a struck jury, plus costs, interest, attorneys' fees, and any and all relief to which she may be entitled.

### COUNT FIVE
### INVASION OF PRIVACY
### ALFRED FORD, JOHN BELCHER, and WAL-MART, INC.

50.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

8

51.     Ford and Belcher, as agents for Defendant Wal-Mart, acting within the line and scope of their employment, made statements to and undertook actions toward Plaintiff of a sexually intimate and personal nature that were objectionable and intrusive.  Such conduct toward Plaintiff was continuous, crude, offensive, objectionable, prying, and constituted an objectionable intrusion into Plaintiff's private affairs or concerns.

52.     Such wrongful intrusion into Plaintiff's private affairs was of such a nature and in such a manner as to cause Plaintiff outrage, mental suffering and anguish, shame, embarrassment, and humiliation.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against said Defendants for awards of compensatory and punitive damages as deemed just by a struck jury, plus costs, interest, attorneys' fees, and any and all relief to which she may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

**Respectfully submitted,**

**John D. Saxon**
**Alabama Bar No. ASB-3258-071J**
**Carolyn N. Lam**
**Alabama Bar No. ASB-4397-O76L**
**Attorneys for Plaintiff**

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
**2119 3rd Avenue North**
**Birmingham, AL 35203**
**Tel:    (205) 324-0223**
**Fax:    (205) 323-1853**
**Email: jsaxon@saxonattorneys.com**

clam@saxonattorneys.com

**PLEASE SERVE DEFENDANTS BY**
**CERTIFIED MAIL RETURN RECEIPT REQUESTED**:

Wal-Mart, Inc.
c/o CSC-Lawyers Incorporating Serv. Inc.
2000 Interstate Park Dr. Ste. 204
Montgomery, AL 36109

Alfred Ford
c/o Wal-Mart, Inc.
c/o CSC-Lawyers Incorporating Serv. Inc.
2000 Interstate Park Dr. Ste. 204
Montgomery, AL 36109

John Belcher
c/o Wal-Mart, Inc.
c/o CSC-Lawyers Incorporating Serv. Inc.
2000 Interstate Park Dr. Ste. 204
Montgomery, AL 36109

10

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | **420-2006-02352** |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Mary Watson** | **(205) 856-1936** | **12-15-1974** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5185 Rodger Drive, Pinson, AL 35126** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **WAL MART** | **500 or More** | **(205) 833-7676** |

| Street Address | City, State and ZIP Code |
|---|---|
| **9248 Parkway East, Birmingham, AL 35206** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **12-19-2005**   Latest **12-19-2005**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with the employer named above as an ICS on July 5, 2005. During the term of my employment I complained to management on several occasions that John (LNU) was making unwelcomed sexual advances toward me. I also complained that John's friend, Alfred Ford, always talked about John (LNU) to me as if I was dating him. I found the actions of John (LNU) and Mr. Ford to be offensive and stated this to management. No disciplinary action was taken towards either of them. During September of 2005, I was locked in the freezer. From that point forward my work environment became even more hostile to me. On December 19, 2005, I was discharged. I was informed that I was discharged due to a customer complaint. Males who have received customer complaints have not been discharged as I was.

RECEIVED
EEOC

I believe that I was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended because of my sex, female and in retaliation for my complaints of sexual harassment.

MAY - 4 2006

BIRMINGHAM DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **May 04, 2006**  _Mary E. Watson_<br>Date  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Mary E. Watson
5185 Rodger Drive
Pinson, AL 35126

From:  Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006-02352 | Rita W. Sterling, Investigator | (205) 212-2060 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*                                                      *1-8-07*

Enclosure(s)

**Delner Franklin-Thomas**
**District Director**

*(Date Mailed)*

cc:  **Fern H. Singer**
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**